**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4022**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JUAN CARLOS VELASQUEZ-PENUELAS, a/k/a Diego Martinez
Penuelas,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Fox, Senior
District Judge. (4:11-cr-00080-F-1)

---

Submitted:  August 31, 2012      Decided:  September 11, 2012

---

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a written plea agreement, Juan Carlos Velasquez-Penuelas, a native and citizen of Mexico, pled guilty to illegally reentering the United States following his removal as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced Velasquez-Penuelas to seventy months' imprisonment, at the bottom of his advisory sentencing range. On appeal, Velasquez-Penuelas challenges only the procedural reasonableness of his sentence. Specifically, Velasquez-Penuelas asserts that the district court committed reversible procedural error by failing to address his nonfrivolous arguments in favor of a downward variance and failing to state, on the record, the reasons for the sentence it imposed. For the following reasons, we affirm.

This court applies an abuse of discretion standard of review as to this claim. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors,

analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," id. (internal quotation marks omitted), such that the appellate court need "not guess at the district court's rationale." Id. at 329.

Velasquez-Penuelas assigns procedural error to the district court's failure, despite his request for a downward variant sentence, to explain its reasons for selecting a seventy-month sentence. Because Velasquez-Penuelas preserved this issue by arguing for a sentence other than that which he ultimately received, our review is for an abuse of discretion. See United States v. Lynn, 592 F.3d 572, 583–84 (4th Cir. 2010).

Based on our review of the sentencing transcript, we agree that the district court's explanation in this case was insufficient, thereby rendering Velasquez-Penuelas' sentence procedurally unreasonable. Thus, "we [must] reverse unless we conclude that the error was harmless." Id. at 576. The Government may establish that such a procedural error was

3

harmless, and thus avoid remand, by showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (internal quotation marks and alterations omitted); see also Lynn, 592 F.3d at 585.

Applying this standard to the facts of this case, we conclude that the Government has satisfied its burden of showing that the district court's procedural error was harmless. We first note that, as evidenced by the district court's recitation of Velasquez-Penuelas' criminal history and history of illegally entering the United States, the court was plainly familiar with Velasquez-Penuelas' background as it was relevant to the § 3553(a) sentencing factors. Given the district court's consideration of Velasquez-Penuelas' history and characteristics, coupled with its decision to impose a sentence at the bottom of his advisory Guidelines range, we agree with the Government that any shortcoming in the court's explanation for the sentence imposed is harmless. See United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) (noting that "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the

4

court considered the § 3553(a) factors and whether it did so properly").

The Government's position is further supported by the fact that the arguments Velasquez-Penuelas advanced in favor of a below-Guidelines sentence were less than persuasive, particularly when juxtaposed with the district court's awareness of Velasquez-Penuelas' chronic recidivism and significant criminal history. See Boulware, 604 F.3d at 839–40 (explaining that comparative weakness of a defendant's arguments for a lower sentence is one reason to decline to remand a case for further explanation). Finally, we have little doubt that the district court considered defense counsel's arguments in favor of a downward variance, as this was the only issue contested at sentencing and it was vigorously contested. See id. at 839 (holding that, "even if the district court erred by not adequately explaining its reasons for rejecting Boulware's argument for a below-guidelines sentence, we are quite confident that the district court undertook that analysis and considered Boulware's argument").

For these reasons, we conclude that, even though the district court might have said more to demonstrate its individualized consideration of Velasquez-Penuelas' arguments, remand in this instance is unwarranted. Accordingly, we affirm the judgment of the district court. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED